IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HYDE PARK COMPANY, LLC, a New Mexico
limited liability company,**

       **Plaintiff ,**

**v.**                   **CIV. No. 98-821 JP/LCS**

**GREATER CALLECITA NEIGHBORHOOD ASSOCIATION
a New Mexico non-profit corporation, FREDERICK M. ROWE,
RICHARD FOLKS, PATTI BUSHEE, LARRY DELGADO
and FRANK MOTOYA,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

This action was removed from state court on July 8, 1998. On September 11, 1998, both Defendants Patti Bushnee, Larry Delgado, and Frank Montoya ("City Defendants") and Defendants Greater Callecita Neighborhood Association, Frederick Rowe, and Richard Folks ("Non-City Defendants) filed Motions to Dismiss. I held a hearing on these motions, and motions pending in the companion case *Hyde Park v. the City Council of the City of Santa Fe, et. al.*, Civ. No. 98-1011 JP/LS, on November 16, 1998.

At the hearing, I ruled that the state district court judge had correctly determined that "the day of final submission of the plat" as discussed in N.M. STAT. ANN. § 3-20-7(E) is defined by the Santa Fe City Code to be the date of the meeting at which the planning commission first considers the plat application. *See* SFCC § 14-82.3D; Decision of Judge Pfeffer of the First Judicial District; *see also Norton v. Village of Corrales,* 103 F.3d 928 (10th Cir. 1996) ("Plaintiffs'

reliance on N.M. STAT.ANN. § 3-20-7E for a due process entitlement to plat approval would be trumped by Village ordinance § 8-2-9(E)," which states that the Planning and Zoning Commission shall approve or disapprove of a final plat thirty-five days *after the developer complies with the village ordinances*).

IT IS THEREFORE ORDERED that:

(1) "the day of final submission of the plat," as discussed in N.M. STAT.ANN. § 3-20-7E, is defined by the Santa Fe City Code, SFCC § 14-82.3D, to be the date of the meeting at which the planning commission first considers the plat application;

(2) consistent with my order concurrently entered in Civ. No. 98-1011, counsel for the Defendant City of Santa Fe must submit to counsel for Plaintiff Hyde Park by November 23, 1998, a copy of the record that was considered by the City Council at the May 28, 1998, hearing, and a transcript of that hearing, with all alleged "substantial evidence" supporting the City Council's decision highlighted in blue, and by December 2, 1998, the Plaintiff's counsel must submit to this court the same copy of the record and transcript with all evidence supporting Plaintiff's allegation that the City Council's decision was unlawful highlighted in yellow; and

(3) consistent with my order concurrently entered in Civ. No. 98-1011, all parties must submit to this court no later than November 23, 1998, highlighted copies of all Tenth Circuit opinions, and copies of other Circuit opinions with very close factual situations, regarding whether Plaintiff had a property right in its plat application.

_____
**UNITED STATES DISTRICT JUDGE**